## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | **Carol A. Doyle** | **Case No.** | 16 B 00692 |
|---|---|---|---|
| **DATE** | February 5, 2018 | **ADVERSARY NO.** | 16 A 00406 |
| **CASE TITLE** | Nong Shim America, Inc. v. Kim et al | | |

### DOCKET ENTRY TEXT

Ki Chang Kim and Mira Kim's Motion for Summary Judgment is granted.

**[For further details see text below.]**

### STATEMENT

Nong Shim America filed this adversary proceeding against debtors Ki Chang Kim and Mira Kim. Nong Shim seeks a judgment denying the debtors' discharge under 11 U.S.C. § 727(a)(2) and (a)(4) and determining that its debt is nondischargeable under § 523(a)(2)(A), (a)(4) and (a)(6). 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6). The Kims filed a motion for summary judgment alleging that the adversary complaint was not timely filed. Nong Shim did not file a response to the motion by the deadline set by the court so the motion is unopposed. The motion is granted. The Kims are entitled to judgment on all counts because the complaint was not timely filed.

## STATEMENT

### Facts

Each of the following facts supporting the Kims' motion for summary judgment is uncontested. The Kims filed a chapter 7 bankruptcy case on January 11, 2016. SOF ¶7. The deadline for filing a complaint objecting to the debtors' discharge under 11 U.S.C. § 727(a) or to determine the dischargeability of a debt under 11 U.S.C. §523(a)(2), (a)(4) and (a)(6) was April 11, 2016. SOF ¶8.

On March 14, 2016, the case trustee timely filed a motion to extend his time to object to the debtors' discharge to July 11, 2016. The motion was granted. SOF ¶12. The court entered an order on April 6, 2016 stating: "IT IS HEREBY ORDERED that the Trustee is given the extension of time within which to object to the discharge of the Debtor from April 11, 2016 to and including July 11, 2016." SOF ¶13. The order did not extend the deadline to file a complaint objecting to the debtors' discharge for anyone other than the trustee. It also did not extend the deadline for filing a complaint seeking a determination of the dischargeability of a particular debt at all.

### Summary Judgment

Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a) (applicable to this adversary proceeding through Rule 7056 of the Federal Rules of Bankruptcy Procedure). On a motion for summary judgment, the court must decide "based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (internal citation omitted).

The Local Rules for the Bankruptcy Court for the Northern District of Illinois require that parties filing and opposing a motion for summary judgment follow a procedure that simplifies the evaluation of whether a material fact is in dispute. Under Local Rule 7056-1, the movant must submit a statement of material facts consisting of short numbered paragraphs with references to documents, affidavits, or other evidentiary material supporting each statement. The opposing party must then respond to each of the movant's statements of fact, admitting or denying each statement and including references to supporting evidentiary material in each instance of disagreement. L.R. 7056-2(A)(2)(a). Facts not denied are deemed admitted. L.R. 7056-2(B); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Bush v. Heimer (In re Heimer)*, 549 B.R. 881, 883 (Bankr. N.D. Ill. 2016); *Frankfurt v. Friedman (In re Friedman)*, 531 B.R. 741 (Bankr. N.D. Ill. 2015).

## STATEMENT

In this case, the Kims complied with the Local Rules by filing a statement of material undisputed facts supported by references to documents filed on the court's docket. Nong Shim did not file a response to the motion, presumably because the facts on which the Kims rely are established beyond question in the docket. All of the facts relied upon by the Kims are therefore deemed admitted.

The deadline to file a complaint objecting to a debtor's discharge under § 727 is 60 days from the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Fed. R. Bankr. P. 4004(a). The deadline is the same for filing a complaint under § 523(a)(2), (a)(4) and (a)(6) to determine the dischargeability of a debt. Fed. R. Bankr. P. 4007(c). In this case, that deadline was April 11, 2016.

Nong Shim did not file a motion seeking to extend its time under either Rule 4004(b) or under Rule 4007(c), both of which must filed before the time has expired (except for an exception not applicable here). When an extension of time is granted, the extension applies only to the party who sought it. *In re Shahid*, 2005 WL 2456922, at *3 (Bankr. N.D. Fla. 2005) (cause must be shown for each party seeking an extension of time); *In re McCord*, 184 B.R. 522, 524 (Bankr. E.D. Mich. 1995) (debtor is entitled to notice of the parties for whose benefit the extension is sought); *In re Gallagher*, 70 B.R. 288, 290 (Bankr. S.D. Tex. 1987) (only the movant who timely requests the extension may take advantage of that extension); *In re Ortman*, 51 B.R. 7 (Bankr. S.D. Ind. 1984) (extension to file a complaint applied only to the trustee because the language of the order clearly indicated that it applied only to the trustee). Nong Shim filed its adversary complaint on July 11, 2016, three months after the April 11, 2016 deadline.

The complaint was untimely. The Kims are entitled to entry of judgment in their favor on all five counts of the adversary complaint. The motion for summary judgment is granted.

Dated:    February 5, 2018

ENTERED:

Carol A. Doyle
United States Bankruptcy Judge